UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RADAR PICTURES, INC., et al., | Case No.: CV 12-1124 MMM (FFMx) |
|     Plaintiffs, | [~~PROPOSED~~] PROTECTIVE ORDER |
|     vs. | Note changes made by the Court. |
| HOULIHAN SMITH & COMPANY, INC., et al., | |
|     Defendants. | |

The Court finds that good cause exists for a Protective Order on the terms and conditions stipulated by the parties.

Therefore, IT IS ORDERED as follows:

**1.     DESIGNATED MATERIAL**

1.1     Information, materials, and/or discovery responses may be designated pursuant to this Protective Order by the person or entity producing or lodging it or by any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court. All such information and material and all information or material derived therefrom constitutes "Designated Material," (which includes materials designated "CONFIDENTIAL" as provided below) under this Protective Order. Unless and until otherwise ordered by the Court or agreed to in

writing by the parties, all material designated under this Protective Order shall be used only for purposes of this litigation, and shall not be used or disclosed by the party receiving Designated Material except as provided under the terms of this Protective Order.  (For purposes of this Protective Order, "disclose" means to show, furnish, or provide original or a copy of the referenced material or document).

1.2     Subject to the limitations set forth in this Protective Order, a designation of "CONFIDENTIAL" means information, whether or not embodied in any physical medium, which the Designating Party believes in good faith has significant competitive value, which is not generally known to others, and which the Designation Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, including, but not limited to, any oral, written, or recorded material that consists of or contains trade secrets (as defined in California Civil Code Section 3426.1(d) or other confidential research, development, or commercial information (as defined in Federal Rule of Civil Procedure 26(c)(1)(G)).  Information may also be designated "CONFIDENTIAL" if the Designating Party believes in good faith that the information falls within the right to privacy guaranteed by the laws of the United States and/or California.

**2.     ACCESS BY PARTIES**

2.1     <u>Materials Designated CONFIDENTIAL</u>.

Materials designated CONFIDENTIAL may only be reviewed by or disclosed to:

2.1.1  Persons who appear on the face of Designated Material marked CONFIDENTIAL as an author, addressee, or recipient thereof;

2.1.2  Current officers, directors, and employees of the parties to this action.

2.1.3  "Outside Counsel" (which means and is defined as counsel of record, including the partners, associates, agents, and employees of counsel of

record, except for agents or employees who have been retained or employed by Outside Counsel as experts or consultants to assist in the preparation of the case) for the parties to this action to the extent reasonably necessary to render professional services in this action;

2.1.4  Vendors with whom Outside Counsel of record for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents;

2.1.5  Consultants requested by Outside Counsel to furnish expert or litigation support services in this litigation; and

2.1.6  Subject to Subsection 5.3 and Section 7 below, witnesses at deposition ~~and/or at trial~~.  **(FFM)**

2.2     Each person, other than Outside Counsel of record for the parties, to whom any Designated Material may be disclosed pursuant to the provisions in this Protective Order shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands its terms and agrees to be bound thereby.  This certificate shall be in the form attached as Exhibit A hereto.  Outside Counsel who make any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall circulate copies to all Outside Counsel at the termination of this action.

2.3     All counsel for parties who have access to information or material designated as Designated Material under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of the court for purposes of enforcing this Order.

**3.      USE OF DESIGNATED MATERIAL BY DESIGNATING PARTY**

Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from

disclosing its own confidential information or documents to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

**4.      PROCEDURE FOR DESIGNATING MATERIAL**

Documents, materials, and discovery responses, in whole or in part, may be designated as CONFIDENTIAL as follows:

4.1     The producing or responding party shall designate as CONFIDENTIAL on each page of the materials prior to production.

4.2     When a party wishes to designate as CONFIDENTIAL materials produced by someone other than the Designating Party, such designation shall be made:

4.2.1  Within twenty-five (25) days from the last date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

4.2.2  By written notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).

4.3     Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

4.3.1  Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

4.3.2  Take reasonable steps to notify any persons known to have possession or access to such Designated Material of the effect of such designation under this Protective Order; and

4.3.3  Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Protective Order.

**5.     PROCEDURE FOR DESIGNATING DEPOSITIONS**

5.1.    Deposition transcripts or portions thereof may be designated as CONFIDENTIAL by a party during deposition testimony or at the completion of said deposition, on the record, taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL.  The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

5.2.    Where testimony is designated at a deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

5.3.    Notwithstanding the provisions set forth in Sections 2 and 3 of this Protective Order above, any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.  Any person who is shown a deposition exhibit comprised of Designated Material, but who is not otherwise entitled to access such material under Sections 2 and 3 above, shall not be allowed (except by express permission of the Designating Party) to keep a copy of the deposition exhibit when given the opportunity to review the deposition transcript for accuracy following the deposition.

5.4     Any party may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material.  If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the 30-day period.

Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation without further order of the court.

**6.   COPIES**

All complete or partial copies of Designated Material shall also be deemed subject to the terms of this Protective Order.  No copies of Designated Material shall be made by the receiving party except as is reasonably necessary for their own use, which copies shall contain the same legending, and which shall be subject to the same restrictions, as the documents originally produced.

**7.   COURT PROCEDURES**

7.1   <u>Disclosure of Designated Material to Court Officials</u>.  Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

7.2   <u>Obligations of the Court</u>.  The parties agree that the employees of the Court or the Clerk's office have no duty to the parties to maintain the confidentiality of any information in any papers filed with the Court or as otherwise ordered by the Court.

7.3   <u>Filing Designated Material with the Court</u>.  The parties shall not file any material with the Court under seal, except in accordance with Local Rule 79-5.1.

7.4   <u>Retrieval of Designated Material</u>.  The party lodging the Designated Material shall be responsible for retrieving such Designated Material from the Court

following the final termination of the action (including after any appeals).  Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of the action, including appeals therefrom, all persons having received Designated Material shall return such material and all copies thereof to counsel for the producing party, or certify destruction thereof.  Except as otherwise ordered, Outside Counsel shall be entitled to retain court papers, deposition, and trial transcripts and attorney work product provided that such counsel and employees of such counsel shall not disclose any such information or material contained in such court papers or transcripts or attorney work product to any person except pursuant to court order or written agreement with the producing party of the information or material.

7.5    Failure to File Under Seal.  If any party fails to file Designated Material under seal, the Designating Party or any party to this action may request that the Court place the Designated Material under seal within twenty (20) days of the filing of said Designated Material.  ~~The Clerk of the Court is directed to comply with such request if consistent with Local Rule 79-5.1.~~  **(FFM)**

7.6.    Use of Designated Material in Open Court.  The parties shall not present or quote from any Designated Material in open court, unless the Court shall order otherwise.  Presentation of, or quotations from, Designated Material shall be heard by the Court under such conditions and safeguards as the Court may impose to prevent improper disclosure of Designated Material. The parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

## 8.    OBJECTIONS

8.1    A party may challenge the propriety of any designation under this Protective Order at any time.  A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Material as to which the designation is challenged and state the basis for each challenge ("Notice of Objection").  Service of a Notice of Objection shall be

made by facsimile and by mail.  Notwithstanding any challenge to the designation of material as CONFIDENTIAL, such material shall be treated in accordance with its designation and subject to the provision hereof unless re-designated as described below.

8.2  On, but not before, the fifteenth (15th) day after service of a Notice of Objection, the challenged material shall be deemed re-designated unless the Designating Party has served by fax or hand delivery during normal business hours a response to the Notice of Objection setting forth legal and factual grounds upon which the Designating Party bases its position that the materials should maintain the original designation or for designating the material otherwise.  In the event of a motion to the Court to change the designation, the material at issue may be submitted to the Court for *in camera* inspection.  It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is properly designated CONFIDENTIAL within the meaning of this Protective Order.  Upon the timely filing of such a motion, the original designations shall remain effective until ten (10) days after service of notice of entry of an order re-designating the materials.  **Any such motion must comply with Local Rule 37. (FFM)**

9.  **CLIENT COMMUNICATION**

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not make specific disclosure of any Designated Material, except as permitted by this Protective Order.

/ / /

/ / /

/ / /

**10.    NO PREJUDICE**

10.1    This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

10.2    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible or commented upon to the trier of fact for any purpose during any proceeding on the merits of this action.

10.3    If any person required to produce documents inadvertently produces party any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party, including appropriately stamped copies of the Designated Material, that the document, things, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order.

10.4    The restrictions as to use or dissemination of information or materials, set forth in any of the preceding paragraphs, shall not apply as to:

10.4.1  Any information which at the time of the designation under this Protective Order was generally available to the public;

10.4.2  Any information which after designation under this Protective Order becomes generally available to the public through no act, or failure to act, attribute to the receiving party or its counsel;

**11.    MODIFICATION AND SURVIVAL**

11.1    <u>Modification; Addition of Parties to this Stipulation</u>.

11.1.1    All parties reserve the right to seek modification of this Protective Order at any time for good cause. The parties agree to meet at confer prior to seeking to modify this Protective Order for any reason. The restrictions imposed by this Protective Order may only be modified or terminated by ~~written stipulation of all parties or by~~ order of this Court.  **(FFM)**

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

11.2   Parties to this action who are not listed herein or who become parties to this action after the latest date of execution may become parties to this Protective Order, and thereby be bound by all the terms and conditions stated herein, by executing a written agreement thereto, to be signed by all Outside Counsel for the parties, and which designates Outside Counsel for the additional party.

Notwithstanding the provisions for return or destruction of Designated Material, except as otherwise ordered, Outside Counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Designated Material, as well as one copy of each item of Designated Material for archival purposes.

## 12.   NO CONTRACT

This stipulation is for the Court's consideration and approval as an order. This order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

## 13.   COURT'S RETENTION OF JURISDICTION

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

**14.   Nothing herein shall be construed as relieving anyone from fully complying with any legal obligation imposed by a duly issued subpoena or other court, administrative, or legislative process.   (FFM)**

IT IS SO ORDERED.

Date: July 26, 2012

/S/ FREDERICK F. MUMM
Hon. Frederick F. Mumm
United States Magistrate Judge

**EXHIBIT A**

**CERTIFICATION**

I,_____ , hereby certify my understanding that confidential information is being provided to me pursuant to the terms and restrictions of the Protective Order in the matter of *Radar Pictures, Inc. v. Houlihan Smith & Company*, Case No. CV 12-01124-MMM (FFMx).  I have been given a copy of that Order and have read it.  I agree to be bound by the Order.  I will only reveal Designated Material, as that term is defined in the Order, including copies, notes, or other transcriptions made therefrom, to the extent that I do so according to the Order and in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will either return any Designated Material I have received, including copies, notes, or other transcriptions made therefrom, to the counsel who originally provided me with such, or destroy it.  I hereby consent to the jurisdiction of the United States District Court of the Central District of California for the purpose of enforcing the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certification is executed this___ day of _____, at _____.


By:  _____

Address:_____

_____

Phone:_____

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

[PROPOSED] PROTECTIVE ORDER